NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN H. HEALY,<br><br>       Plaintiff,<br><br> vs.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>       Defendants. | No. C 07-5790 JF (PR)<br><br>ORDER OF DISMISSAL;<br>DENYING MOTION TO<br>PROCEED IN FORMA<br>PAUPERIS AS MOOT<br><br><br><br>(Docket No. 4) |

Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was incarcerated thirty days beyond his legal release date and ten days past his complete discharge of parole. Plaintiff was released from prison on June 19, 2007. Plaintiff seeks monetary damages for each day he was illegally held in custody beyond his release date. The Court will DISMISS the instant complaint without prejudice because Plaintiff's claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's second motion to proceed in forma pauperis (docket no. 4) is DENIED as moot because Plaintiff has been granted leave to proceed in forma pauperis in a separate written order.

///

Order of Dismissal; Denying Motion to Proceed in Forma Pauperis as Moot
P:\pro-se\sj.jf\cr.07\Healy790dis     1

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person was acting under the color of state law, and (2) the person committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim

Plaintiff alleges that he was unlawfully held in custody thirty days beyond his legal release date and ten days past his complete discharge of parole.  Plaintiff was released from prison on June 19, 2007.  Plaintiff seeks monetary damages for each day he was illegally held in custody beyond his release date.  See Complaint at 3-4.  However, the Court concludes that this claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994).

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Id. at 487.

When a state prisoner seeks damages in a § 1983 suit, the district court must

therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487. Heck makes it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90 (footnote omitted). Any such claim is not cognizable and therefore should be dismissed. Edwards v. Balisok, 520 U.S. 641, 649 (1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by Heck may be dismissed sua sponte without prejudice under 28 U.S.C. §1915).

Heck generally bars claims challenging the validity of an arrest, prosecution or conviction. See Guerrero v. Gates, 357 F.3d 911, 918 (9th Cir. 2004) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). Heck bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

Here, Plaintiff alleges that he was unlawfully held in state prison beyond his legal release date, which necessarily implies the invalidity of the duration of his term of confinement in his underlying state criminal proceedings. Plaintiff seeks monetary damages for each day he was unlawfully held in custody beyond his release date. The Court concludes that Plaintiff's claim is barred under Heck and therefore he fails to state a cognizable claim for relief under 42 U.S.C. § 1983. Plaintiff's complaint is DISMISSED without prejudice to Plaintiff's filing a new complaint if his underlying conviction or sentence is later invalidated.

# CONCLUSION

Plaintiff's complaint is hereby DISMISSED for failure to state a cognizable claim for relief under 42 U.S.C. § 1983. Plaintiff's second motion for leave to proceed in forma pauperis (docket no. 4) is DENIED as moot because Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 4/8/08

JEREMY FOGEL
United States District Judge