OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
280 SOUTH FIRST STREET, ROOM 2112
SAN JOSE, CALIFORNIA 95113-3095

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

**Filed**

APR 18 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

John H. Healy
Walden House Recovery Center
1318 Gateview Ave. #C
San Francisco, CA 94130

NIXIE            941    SE  1           30 04/15/08
         RETURN TO SENDER
         NOT DELIVERABLE AS ADDRESSED
               UNABLE TO FORWARD
BC: 95113300837              *2756-05210-10-39

UNITED STATES POSTAGE
$00.58°
02 1A
0004327683   APR 10 2008
MAILED FROM ZIPCODE 95113

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN H. HEALY, | No. C 07-5790 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL; DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT |
| vs. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | (Docket No. 4) |

Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was incarcerated thirty days beyond his legal release date and ten days past his complete discharge of parole. Plaintiff was released from prison on June 19, 2007. Plaintiff seeks monetary damages for each day he was illegally held in custody beyond his release date. The Court will DISMISS the instant complaint without prejudice because Plaintiff's claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's second motion to proceed in forma pauperis (docket no. 4) is DENIED as moot because Plaintiff has been granted leave to proceed in forma pauperis in a separate written order.

///

Order of Dismissal; Denying Motion to Proceed in Forma Pauperis as Moot
P:\pro-se\sj.jf\cr.07\Healy790dis            1

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person was acting under the color of state law, and (2) the person committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claim

Plaintiff alleges that he was unlawfully held in custody thirty days beyond his legal release date and ten days past his complete discharge of parole. Plaintiff was released from prison on June 19, 2007. Plaintiff seeks monetary damages for each day he was illegally held in custody beyond his release date. See Complaint at 3-4. However, the Court concludes that this claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994).

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

When a state prisoner seeks damages in a § 1983 suit, the district court must

1  therefore consider whether a judgment in favor of the plaintiff would necessarily imply
2  the invalidity of his conviction or sentence; if it would, the complaint must be dismissed
3  unless the plaintiff can demonstrate that the conviction or sentence has already been
4  invalidated. Id. at 487. Heck makes it clear that a § 1983 "cause of action for damages
5  attributable to an unconstitutional conviction or sentence does not accrue until the
6  conviction or sentence has been invalidated." Id. at 489-90 (footnote omitted). Any such
7  claim is not cognizable and therefore should be dismissed. Edwards v. Balisok, 520 U.S.
8  641, 649 (1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claim
9  barred by Heck may be dismissed sua sponte without prejudice under 28 U.S.C. §1915).
10         Heck generally bars claims challenging the validity of an arrest, prosecution or
11 conviction. See Guerrero v. Gates, 357 F.3d 911, 918 (9th Cir. 2004) (Heck barred
12 plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police
13 officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d
14 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims
15 until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)
16 (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and
17 brought unfounded criminal charges against him). Heck bars a claim of unconstitutional
18 deprivation of time credits because such a claim necessarily calls into question the
19 lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the
20 plaintiff's sentence. Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).
21         Here, Plaintiff alleges that he was unlawfully held in state prison beyond his legal
22 release date, which necessarily implies the invalidity of the duration of his term of
23 confinement in his underlying state criminal proceedings. Plaintiff seeks monetary
24 damages for each day he was unlawfully held in custody beyond his release date. The
25 Court concludes that Plaintiff's claim is barred under Heck and therefore he fails to state
26 a cognizable claim for relief under 42 U.S.C. § 1983. Plaintiff's complaint is
27 DISMISSED without prejudice to Plaintiff's filing a new complaint if his underlying
28 conviction or sentence is later invalidated.

## CONCLUSION

Plaintiff's complaint is hereby DISMISSED for failure to state a cognizable claim for relief under 42 U.S.C. § 1983. Plaintiff's second motion for leave to proceed in forma pauperis (docket no. 4) is DENIED as moot because Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 4/8/08

JEREMY FOGEL
United States District Judge

## Other Orders/Judgments
5:07-cv-05790-JF Healy v. Director of California Department of Corrections et al
ProSe

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 4/9/2008 1:49 PM and filed on 4/9/2008
**Case Name:**       Healy v. Director of California Department of Corrections et al
**Case Number:**    5:07-cv-5790
**Filer:**
**WARNING: CASE CLOSED on 04/09/2008**
**Document Number:** 9

**Docket Text:**
**ORDER DISMISSING CASE; DENYING MOTION TO PROCEED IN FORMA PAUERIS AS MOOT. Signed by Judge Jeremy Fogel on 4/8/08. (dlm, COURT STAFF) (Filed on 4/9/2008)**

5:07-cv-5790 Notice has been electronically mailed to:

5:07-cv-5790 Notice has been delivered by other means to:

John H. Healy
SF Jail 2329447
Walden House Recovery Center
1318 Gateview Ave. #C

San Francisco, CA 94130

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** N:\Temp\Healy790dis.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=4/9/2008] [FileNumber=4291792-0] [
89318bdf5b162c60fabb400f25e94b778741613b68e6a15c0ee03136f1bf5b49010585
7584df00212c2528ef2ae77df5aa310f5178aa2b77d5200d16b7082014]]

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN H. HEALY,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

No. C 07-5790 JF (PR)

JUDGMENT

The Court has dismissed the instant civil rights complaint without prejudice for failure to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983. A judgment of dismissal without prejudice is entered. The Clerk shall close the file.

IT IS SO ORDERED.

DATED: 4/8/08

JEREMY FOGEL
United States District Judge

Judgment
P:\pro-se\sj.jf\cr.07\Healy790jud

**Other Orders/Judgments**
5:07-cv-05790-JF Healy v. Director of California Department of Corrections et al **CASE CLOSED on 04/09/2008**
CLOSED, ProSe

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 4/10/2008 1:33 PM and filed on 4/10/2008
**Case Name:**     Healy v. Director of California Department of Corrections et al
**Case Number:**   5:07-cv-5790
**Filer:**
**WARNING: CASE CLOSED on 04/09/2008**
**Document Number:** 10

**Docket Text:**
JUDGMENT. Signed by Judge Jeremy Fogel on 4/8/08. (dlm, COURT STAFF) (Filed on 4/10/2008)

**5:07-cv-5790 Notice has been electronically mailed to:**

**5:07-cv-5790 Notice has been delivered by other means to:**

John H. Healy
SF Jail 2329447
Walden House Recovery Center
1318 Gateview Ave. #C

San Francisco, CA 94130

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** N:\Temp\Healy790jud.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=4/10/2008] [FileNumber=4295938-0]

[3631120daa22cdc6645a6dfff19b2ce1f055b02202967778fcb2f5bf237eda7e1974f
10f6c8fc94e56980ed406ea4b5bca397d622336f731217c764d53beb41d]]